**Celia San Pedro MANALILI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–70162.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007 *.

Filed Jan. 16, 2007.

Brian D. Lerner, Esq., Law Offices of Brian D. Lerner, Long Beach, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA,

Jeffrey J. Bernstein, Esq., P. Michael Truman, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

MEMORANDUM **

Celia San Pedro Manalili, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") order denying her motion to reopen deportation proceedings. We review for abuse of discretion the denial of a motion to reopen. *See Iturribarria v. INS,* 321 F.3d 889, 899–900 (9th Cir.2003). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We deny in part and dismiss in part the petition for review.

The agency acted within its discretion in denying as untimely Manalili's motion to reopen filed more than eight years after the agency's final decision. *See* 8 C.F.R. § 1003.2(c)(2) (a motion to reopen must be filed within 90 days of the BIA's final decision). Moreover, the agency properly determined that Manalili failed to demonstrate she suffered prejudice as a result of alleged ineffective assistance of counsel. *See Iturribarria,* 321 F.3d at 889–900 (to establish a valid due process claim for ineffective assistance of counsel, an alien must show that she was prejudiced by the attorney's deficient performance).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We do not consider Manalili's contention that the agency should have reopened her case on the basis of hardship, because we lack jurisdiction to review the agency's decision not to invoke its *sua sponte* authority to reopen proceedings. *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir. 2002). Furthermore, we do not consider Manalili's contention relating to *Ekimian v. INS* raised for the first time in her reply brief. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996) (holding issues which are not specifically raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**